**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GISELLE POLIZZI,<br><br>    Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No.: 14-cv-02768<br><br>**OPINION** |

**CECCHI, District Judge.**

**I. INTRODUCTION**

This matter comes before the Court on the motion [ECF No. 6] of Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual" or "Defendant") to dismiss the Complaint for Declaratory Judgment [ECF No. 1-1] of Plaintiff Giselle Polizzi ("Polizzi" or "Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.[1] For the reasons set forth below, Defendant's motion to dismiss is granted in part and denied in part.

**II. BACKGROUND**

This action arises out of the denial of insurance coverage for a November 2010 motor vehicle accident involving Plaintiff, which occurred in New Jersey, a few months after Plaintiff

---

[1] The Court considers any new arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

had moved from New York to New Jersey. See Complaint ("Compl."), ECF No. 1-1, ¶¶ 2-3, 7. At the time of the accident, Plaintiff was insured under Defendant's policy that had been issued in New York (the "New York Policy"). See id. ¶ 6. Plaintiff was also listed as an additional insured under a motor vehicle policy issued by Defendant to Plaintiff's parents as the named insureds (the "New Jersey Policy"). See id. ¶ 5. The New Jersey policy covered the vehicle Plaintiff was driving at the time of the accident and listed Plaintiff as one of the drivers. See id.

After the accident, in March 2011, Plaintiff applied for medical benefits under the New Jersey Policy, and Defendant accepted the claim and processed the personal injury benefits sought. See id. ¶ 8. In March 2013, Plaintiff learned that the defendant tortfeasor in the underlying motor vehicle accident had a policy with State Farm Insurance with bodily injury liability insurance limits of only $100,000. See id. ¶ 9. Plaintiff then made an underinsured motorist claim to Defendant, against the New Jersey policy, which had an underinsured motorist coverage limit of $250,000. Id.

Before the trial between Plaintiff and the defendant tortfeasor, Defendant opened a new claim for processing under the New York Policy, requested and received pleadings and discovery, and advised that it would make a coverage determination. See id. ¶ 15. While Plaintiff and defendant tortfeasor were picking a jury in February 2014, the parties agreed to settle for $75,000. See id. ¶ 18. That same day, on February 24, 2014, Defendant advised Plaintiff's counsel over the phone that coverage would be denied and a formal letter would follow.[2] See id. ¶ 17.

Plaintiff instituted an action in the Superior Court of New Jersey seeking a declaratory judgment on the New York Policy—for reimbursement of medical expenses, personal injury

---

[2] It appears that neither party has submitted the formal denial of coverage letter to the Court or described its contents.

2

protection benefits, and an increase of benefits from $50,000 to $250,000—and on the New Jersey Policy—the provision of underinsured motorist benefits and an underinsured motorist arbitration. See id. at page 8 ¶¶ 1, 2. Defendant removed the action to this Court and filed a motion to dismiss. See ECF Nos. 1, 6. Plaintiff opposed the motion. See ECF No. 8. The Court appointed a mediator, and, after mediation proved unsuccessful, reinstated the present motion to dismiss. See ECF No. 10.

### III.   LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Furthermore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated . . . Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a

'plausible claim for relief.'" See Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

## IV.     DISCUSSION

For the reasons below, Defendant's motion to dismiss is granted in part and denied in part.

### A.     Personal Injury Protection Coverage Under The New York Policy

Defendant argues that Plaintiff is not entitled to personal injury protection coverage under the New York Policy, because New Jersey's "anti-stacking" law prohibits recovery of such benefits under more than one policy for injuries sustained in a single accident. See D's Br. in Supp., ECF No. 6-1, at 10-11. Defendant contends that because Plaintiff is receiving personal injury protection benefits under the New Jersey Policy, which covered the vehicle she was driving at the time, she is not entitled to the same benefits under the New York Policy. See id. Plaintiff responds that she is not seeking to recover under both policies. See P's Br. in Opp., ECF No. 8, at 4. Rather, she requests only that Defendant provide personal injury protection benefits under the New York Policy, where Plaintiff is a named insured. See id. Plaintiff explains that personal injury protection benefits were mistakenly paid to her under the New Jersey policy because she and Defendant were unaware of the New York Policy. See id.

In reply, Defendant raises that the New York Policy's personal injury protection coverage is excess to other personal injury protection coverage. See D's Br. in Reply, ECF No. 9, at 3; see also Exhibit D to Luisi Dec., ECF No. 6-6. Specifically, the New York Policy states that "[i]f motor vehicle medical payments coverage . . . are afforded under this policy, such coverages shall be excess insurance over any Mandatory PIP, OBEL, or Additional POP benefits paid or payable . . . ." See Exhibit D. Plaintiff acknowledges that she was paid personal injury protection benefits under the New Jersey Policy. See P's Br. in Opp. at 4. Neither party appears to explain whether

4

personal injury coverage from the excess New York Policy will "kick in" once the limits of the New Jersey Policy are reached, especially since Defendant mentions in another section of its moving brief that the New Jersey Policy's "limits have already been exhausted." See D's Br. in Supp. at 9. However, based on the facts alleged in Plaintiff's Complaint—particularly that Defendant processed her personal injury protection benefits under the New Jersey Policy "which made Plaintiff's health insurance with Empire Blue Cross Blue Shield primary"—it appears that Plaintiff has alleged sufficient facts, at this stage of the proceedings, to show that she has a plausible claim for relief for excess personal injury protection benefits under the New York Policy. See Compl. ¶ 8. Accordingly, Defendant's motion to dismiss is denied on this issue.

### B.  Underinsured Motorist Coverage Under The New York Policy

Plaintiff also seeks supplementary underinsured motorist benefits from the New York Policy. Plaintiff alleges and argues that Defendant's denial of insurance coverage under the New York Policy was ineffective, because it was not made in writing as required by New York Insurance Law § 3420(d). See P's Br. in Opp. at 4. Defendant argues that Plaintiff is not entitled to such benefits from the New York Policy, because she settled with the defendant tortfeasor without Defendant's consent. See D's Br. in Supp. at 11. Moreover, although Plaintiff argues that Defendant is estopped from denying coverage where it failed to give her written notice of denial, Defendant correctly points out that the notice requirement "pursuant to New York Insurance Law § 3420(d) . . . only applies to accidents that occur in New York." See D's Br. in Reply at 4.

Here, Plaintiff's Complaint alleges that Plaintiff gave Defendant notice of the underinsured motorist claim in March 2013 and that Defendant notified Plaintiff by telephone call, nearly a year later, stating Defendant would be denying coverage. See Compl. ¶¶ 14, 17. The Complaint also appears to allege that Defendant gave this notice on the same day that Plaintiff was picking a jury

5

and ultimately settled with the defendant tortfeasor. See id. ¶¶ 14, 17. It is not clear from the Complaint whether Plaintiff ever notified or had an opportunity to notify Defendant of the anticipated settlement with the defendant tortfeasor and seek Defendant's consent. Moreover, the Complaint does not allege facts explaining why or how Defendant opened a new claim under the New York Policy after Plaintiff had been receiving benefits from the New Jersey Policy and whether it was Plaintiff who initially sought a coverage determination under the New York Policy. Additionally, although the Complaint states that Defendant told Plaintiff that a formal denial of coverage letter would follow, neither party appears to have attached this letter to the pleadings or to its motion papers and neither party has explained the reasons given for the denial nearly one year after the claim under the New York policy was opened. Accordingly, the Court will grant Defendant's motion to dismiss this part of Plaintiff's Complaint without prejudice, and Plaintiff will be granted leave to amend.

### C. Underinsured Motorist Coverage Under The New Jersey Policy

Plaintiff asks, in the alternative, that if the Court finds that she is not entitled to supplemental underinsured motorist benefits from the New York Policy, that the Court instead grant her relief in the form of supplemental underinsured motorist benefits from the New Jersey Policy—based on her reasonable expectation that such coverage would be available to her, because her name was on the New Jersey Policy's declaration page as a driver of the covered vehicle. See P's Br. in Opp. at 6. Defendant moves to dismiss on the basis that Plaintiff is not a named insured on the New Jersey Policy and that she does not qualify as a "family member" because she was not a resident of her parents' household on the date of the accident; thus, Defendant contends that the New Jersey Policy's $15,000 policy limit for individuals who are neither named insured nor family

members has been exhausted as to Plaintiff.[3] See D's Br. in Supp. at 8-9; D's Br. in Reply at 7. See Exhibit C to Luisi Dec., ECF No. 6-5, at 51.

Plaintiff contends that she had a reasonable expectation of $250,000 underinsured motorist coverage based on the New Jersey Policy's declaration page, under the reasonable expectation doctrine elucidated in Lehrhoff v. Aetna Cas. & Sur. Co., 271 N.J. Super. 340 (App. Div. 1994). There, the New Jersey Appellate Division found that a person's name listed as a "driver" on the declarations page of the policy would lead the typical automobile policyholder to understand that the listed driver "was entitled to all of the coverages and all of the protections afforded by the policy." Id. at 348. In Lehrhoff, a family's adult son, who had been residing with his parents in New Jersey, took the insured car to California where he temporarily worked for a few months.

Here, Plaintiff's Complaint alleges that she "moved from New York to reside with her parents" and then for the two and a half months preceding the accident "temporarily resided" at another address in New Jersey "for business related reasons." Compl. ¶¶ 3-4. The Complaint also alleges that Plaintiff was listed as an "operator" of the covered vehicle under the New Jersey Policy, which listed Plaintiff's parents as the named insured. Compl. ¶ 5. Accordingly, Plaintiff's Complaint has alleged sufficient facts at this point to state a claim to relief that is plausible on its face, and Defendant's motion to dismiss is denied on this issue.

V.   **CONCLUSION**

For the reasons set forth above, Defendant's motion to dismiss Plaintiff's Complaint is dismissed in part and granted in part, without prejudice. To the extent the deficiencies in Plaintiff's

---

[3]   The underinsured motorist exemption to the New Jersey Policy states that "if the insured is not a 'named insured' or a 'family member' who is a 'named insured' under one or more other motor vehicle insurance policies, our maximum limit of liability for all damages resulting from one accident shall not exceed $15,000 per person . . . ."

Complaint can be cured by way of amendment, Plaintiff is granted thirty (30) days to file an Amended Complaint to cure the defencifies set forth in this Opinion.

An appropriate Order accompanies this Opinion.

Dated: March 30, 2016

                                                      **CLAIRE C. CECCHI, US.D.J.**